## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ASHLEY FORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | **1:13-cv-3062-CC-JFK** |
| **MIDLAND FUNDING LLC, MIDLAND** ) | |
| **CREDIT MANAGEMENT, INC., and** ) | |
| **FREDERICK J. HANNA &** ) | |
| **ASSOCIATES, P.C.,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW** defendants Midland Funding, LLC ("Midland Funding"), and

Midland Credit Management, Inc. ("MCM") (collectively, "Defendants"), by and

through their undersigned counsel, specifically reserving their right to seek

arbitration of plaintiff's claims pursuant to 9 U.S.C. § 1, *et seq.*, and for their

Answer to the Complaint of plaintiff Ashley Ford ("Plaintiff"), state as follows:

## INTRODUCTION

1.      In response to Paragraph 1 of Plaintiff's Complaint, Defendants admit

that Plaintiff purports to allege violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, and the Georgia Fair Business Practices Act

("FBPA"), O.C.G.A. § 10-1-391, *et seq.*, but deny that they violated any law and any other allegations contained in Paragraph 1 of Plaintiff's Complaint. Further, all claims asserted pursuant to the TCPA have been severed pursuant to the Conditional Transfer Order to Multidistrict Litigation.

## JURISDICTION

2.    The allegations of Paragraph 2 contain legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants admit that this Court has jurisdiction over federal causes of action and over Defendants. Except as admitted herein, Defendants deny the allegations contained in Paragraph 2 and demand strict proof thereof.

3.    Upon information and belief, Defendants admit that venue is proper in this Court and deny all remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

### Plaintiff

4.    Upon information and belief, Defendants admit that Plaintiff is a person residing in Cobb County, Georgia.

5.    Upon information and belief, Defendants admit that Plaintiff resides in the Northern District of Georgia.

6.     The allegations of Paragraph 6 contain a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

**Midland Funding**

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     The allegations of Paragraph 10 contain a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants admit that Midland Funding's registered agent in Georgia is Corporation Service Company and deny all remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.     The allegations of Paragraph 11 contain a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants admit that Midland Funding acquired an account owed by Plaintiff, that it is the owner of said account and that a lawsuit was filed against Plaintiff on

Midland's behalf. Except as admitted herein, Defendants deny the allegations contained in Paragraph 11 and demand strict proof thereof.

12. The allegations of Paragraph 12 contain a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of Paragraph 12 and demand strict proof thereof.

13. Defendants deny the allegations of Paragraph 13 and demand strict proof thereof.

14. Defendants deny the allegations of Paragraph 14 and demand strict proof thereof.

15. The allegations of Paragraph 15 contain a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny whether Midland Funding was a "debt collector" with respect to Plaintiff, and therefore deny the same and demand strict proof thereof.

16. Admitted.

17. Admitted.

**MCM**

18. Admitted.

19. Admitted.

20.     Admitted.

21.     Admitted.

22.     The allegations of Paragraph 22 contain a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants admit that MCM's registered agent in Georgia is Corporation Service Company and deny all remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants admit that MCM collects accounts owned by Midland Funding.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 23 and demand strict proof thereof.

24.     Admitted.

25.     The allegations of Paragraph 25 contain a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny whether MCM was a "debt collector" with respect to Plaintiff, and therefore deny the same and demand strict proof thereof.

26.     Admitted.

27.     Admitted.

**Hanna**

28.     Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

29.     Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

30.     Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 30 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

31.     Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 31 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

32.     Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 32 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

33.     Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 33 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

## RELEVANT FEDERAL AND STATE STATUTES

### Fair Debt Collection Practices Act

34.     Defendants admit that the FDCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

35.     Defendants admit that the FDCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

36.     Defendants admit that the FDCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

37.     Defendants admit that the FDCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

38.     Defendants admit that the FDCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

### Telephone Consumer Protection Act

39.     Defendants admit that the TCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

40.     Defendants admit that the TCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

41.     Defendants admit that the TCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

42.     Defendants admit that the TCPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

## Georgia's Fair Business Practices Act

43.     Defendants admit that the FBPA speaks for itself and Defendants deny any characterization or representation inconsistent with same.

44.     The allegations contained in Paragraph 44 contain a legal conclusion to which Defendants are not required to respond.  To the extent that a response is required, Defendants deny the allegations of Paragraph 44 and demand strict proof thereof.

## FACTUAL ALLEGATIONS

45.     Upon information and belief, Defendants admit that Plaintiff borrowed money to purchase a computer.  Except as specifically admitted herein, Defendants have insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 45 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

46.     Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 46 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

47.     Defendants admit that Plaintiff defaulted on the subject account owed by Plaintiff.  Except as specifically admitted herein, Defendants have insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 47 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

48.     Defendants admit that Midland Funding admits that it owns the subject account owed by Plaintiff and that it was not assigned the subject account from the original creditor.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 48 and demand strict proof thereof.

49.     Defendants admit that MCM has attempted to collect on the account owed by Plaintiff and that a complaint was filed on behalf of Midland Funding. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 49 and demand strict proof thereof.

50.     Defendants admit that MCM has attempted to collect on the subject account on behalf of Midland Funding.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 50 and demand strict proof thereof.

51.     Defendants admit that Midland Funding and MCM are affiliates. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 51 and demand strict proof thereof.

52.     Admitted.

53.     Defendants admit that MCM began collecting on the subject account owed by Plaintiff in or around 2011.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 53 and demand strict proof thereof.

54.     Defendants admit that MCM sent Plaintiff letters to collect on the subject account.  Except as expressly admitted herein, Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 54, and, therefore, deny the same and demand strict proof thereof.

55.     Admitted.

56.     The allegations contained in Paragraph 56 contain a legal conclusion to which Defendants are not required to respond.  To the extent that a response is required, Defendants admit that Georgia law speaks for itself, but deny the remaining allegations of Paragraph 56, including that the lawsuit filed on behalf of Midland Funding was barred by the applicable statute of limitations, and demand strict proof thereof.

57.     Defendants deny the allegations contained in Paragraph 57 and demand strict proof thereof.

58.     Defendants deny the allegations contained in Paragraph 58 and demand strict proof thereof.

59.    Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 59, and, therefore, deny the same and demand strict proof thereof.

60.    Defendants admit that the subject account owed by Plaintiff was referred to Defendant Hanna for collection.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 60 of the Complaint and demand strict proof thereof.

61.    Defendants admit that, in September 2012, Defendant Hanna filed, on behalf of Midland Funding, lawsuit No. 12-J-09960 against Plaintiff in the Magistrate Court of Cobb County, Georgia (the "Collection Suit") and that said pleadings speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 61 of the Complaint and demand strict proof thereof.

62.    Defendants admit that the pleadings in the Collection Suit speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 62 of the Complaint and demand strict proof thereof.

63.    The allegations contained in Paragraph 63 contain a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants admit that Plaintiff defaulted on the subject account prior to

the commencement of the Collection Suit. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 63 of the Complaint and demand strict proof thereof.

64. Defendants deny the allegations of Paragraph 64 and demand strict proof thereof.

65. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 65, and, therefore, deny the same and demand strict proof thereof.

66. The allegations contained in Paragraph 66 contain a legal conclusion to which Defendants are not required to respond. To the extent a response is required, To the extent that a response is required, Defendants admit that Georgia law speaks for itself, but deny the allegations of Paragraph 66, including that the lawsuit filed on behalf of Midland Funding was barred by the applicable statute of limitations, and demand strict proof thereof.

67. Defendants deny the allegations of Paragraph 67 and demand strict proof thereof.

68. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 68, and, therefore, deny the same and demand strict proof thereof.

69.     Defendants admit that the pleadings in the Collection Suit speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 69 of the Complaint and demand strict proof thereof.

70.     Defendants admit that the pleadings in the Collection Suit speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 70 of the Complaint and demand strict proof thereof.

71.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 71, and, therefore, deny the same and demand strict proof thereof.

72.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 72, and, therefore, deny the same and demand strict proof thereof.

73.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 73, and, therefore, deny the same and demand strict proof thereof.

74.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 74, and, therefore, deny the same and demand strict proof thereof.

75. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 75, and, therefore, deny the same and demand strict proof thereof.

76. Defendants deny the allegations of Paragraph 76 and demand strict proof thereof.

77. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 77, and, therefore, deny the same and demand strict proof thereof.

78. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 78, and, therefore, deny the same and demand strict proof thereof.

79. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 79, and, therefore, deny the same and demand strict proof thereof.

80. Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 80, and, therefore, deny the same and demand strict proof thereof.

81.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 81, and, therefore, deny the same and demand strict proof thereof.

82.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 82, and, therefore, deny the same and demand strict proof thereof.

83.     Defendants admit that the Collection Lawsuit was not dismissed prior to February 11, 2013.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 83 and demand strict proof thereof.

84.     Defendants deny the allegations of Paragraph 84 and demand strict proof thereof.

85.     Defendants admit that the Collection Lawsuit was dismissed without prejudice.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 85 and demand strict proof thereof.

86.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 86, and, therefore, deny the same and demand strict proof thereof.

87.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 87, and, therefore, deny the same and demand strict proof thereof.

88.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 88, and, therefore, deny the same and demand strict proof thereof.

89.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 89, and, therefore, deny the same and demand strict proof thereof.

90.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 90, and, therefore, deny the same and demand strict proof thereof.

91.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 91, and, therefore, deny the same and demand strict proof thereof.

92.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 92, and, therefore, deny the same and demand strict proof thereof.

93.     Defendants admit that MCM mailed correspondence to Plaintiff following the dismissal of the Collection Lawsuit.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 93 of the Complaint and demand strict proof thereof.

94.     Admitted.

95.     Defendants admit that MCM's correspondence to Plaintiff speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 95 of the Complaint and demand strict proof thereof.

96.     Defendants admit that MCM's correspondence to Plaintiff speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 96 of the Complaint and demand strict proof thereof.

97.     Defendants deny the allegations of Paragraph 97 and demand strict proof thereof.

98.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 98, and, therefore, deny the same and demand strict proof thereof.

99.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 99, and, therefore, deny the same and demand strict proof thereof.

100.  Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 100, and, therefore, deny the same and demand strict proof thereof.

101.  Defendants admit that MCM mailed correspondence to Plaintiff following the dismissal of the Collection Lawsuit.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 101 of the Complaint and demand strict proof thereof.

102.  Defendants admit that MCM's correspondence to Plaintiff speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 102 of the Complaint and demand strict proof thereof.

103.  Defendants admit that MCM's correspondence to Plaintiff speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 103 of the Complaint and demand strict proof thereof.

104.  Defendants deny the allegations of Paragraph 104 and demand strict proof thereof.

105.  Defendants admit that MCM mailed correspondence to Plaintiff following the dismissal of the Collection Lawsuit.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 105 of the Complaint and demand strict proof thereof.

106.   Defendants admit that MCM's correspondence to Plaintiff speaks for itself.   Except as expressly admitted herein, Defendants deny the allegations of Paragraph 106 of the Complaint and demand strict proof thereof.

107.   Defendants admit that MCM's correspondence to Plaintiff speaks for itself.   Except as expressly admitted herein, Defendants deny the allegations of Paragraph 107 of the Complaint and demand strict proof thereof.

108.   Defendants deny the allegations of Paragraph 108 and demand strict proof thereof.

109.   Defendants deny the allegations of Paragraph 109 and demand strict proof thereof.

110.   Defendants deny the allegations of Paragraph 110 and demand strict proof thereof.

111.   Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 111, and, therefore, deny the same and demand strict proof thereof.

112.   Defendants deny the allegations of Paragraph 112 and demand strict proof thereof.

113.   Defendants deny the allegations of Paragraph 113 and demand strict proof thereof.

114.    The allegations of Paragraph 114 contain a legal conclusion to which Defendants are not required to respond.   To the extent a response is required, Defendants deny the allegations of Paragraph 114 and demand strict proof thereof.

115.    The allegations of Paragraph 115 contain a legal conclusion to which Defendants are not required to respond.   To the extent a response is required, Defendants deny the allegations of Paragraph 115 and demand strict proof thereof.

### *Respondeat Superior Liability*

116.    Defendants deny the allegations of Paragraph 116 and demand strict proof thereof.

117.    Defendants deny the allegations of Paragraph 117 and demand strict proof thereof.

118.    Defendants deny the allegations of Paragraph 118 and demand strict proof thereof.

119.    Defendants deny the allegations of Paragraph 119 and demand strict proof thereof.

## CAUSES OF ACTION

### Violations of FDCPA

120.    Defendants incorporate all of their prior responses as if set forth specifically herein.

121. Defendants deny the allegations of Paragraph 121 and demand strict proof thereof.

122. Defendants admit that 15 U.S.C. § 1692c(c) speaks for itself and denies any characterization of § 1692c(c) that is inconsistent with § 1692c(c).

123. Defendants deny the allegations of Paragraph 123 and demand strict proof thereof.

124. Defendants deny the allegations of Paragraph 124 and demand strict proof thereof.

125. Defendants deny the allegations of Paragraph 125 and demand strict proof thereof.

126. Defendants admit that 15 U.S.C. § 1692e speaks for itself and denies any characterization of § 1692e that is inconsistent with § 1692e.

127. Defendants admit that 15 U.S.C. § 1692e(2) speaks for itself and denies any characterization of § 1692e(2) that is inconsistent with § 1692e(2).

128. Defendants deny the allegations of Paragraph 128 and demand strict proof thereof.

129. Defendants admit that 15 U.S.C. § 1692e(8) speaks for itself and denies any characterization of § 1692e(8) that is inconsistent with § 1692e(8).

130. Defendants deny the allegations of Paragraph 130 and demand strict proof thereof.

131. Defendants admit that 15 U.S.C. § 1692f speaks for itself and denies any characterization of § 1692f that is inconsistent with § 1692f.

132. The allegations contained in Paragraph 132 contain a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of Paragraph 132 and demand strict proof thereof.

133. Defendants deny the allegations of Paragraph 133 and demand strict proof thereof.

134. Defendants admit that 15 U.S.C. § 1692f(1) speaks for itself and denies any characterization of § 1692f(1) that is inconsistent with § 1692f(1).

135. Defendants deny the allegations of Paragraph 135 and demand strict proof thereof.

136. Defendants deny the allegations of Paragraph 136 and demand strict proof thereof.

137. Defendants deny the allegations of Paragraph 137 and demand strict proof thereof.

**Violations of TCPA**

138.  Defendants incorporate all of their prior responses as if set forth specifically herein.

139.  Defendant states that Plaintiff's TCPA claims have been severed pursuant to a conditional transfer order to Multidistrict Litigation; otherwise, denied.

140.  Defendant states that Plaintiff's TCPA claims have been severed pursuant to a conditional transfer order to Multidistrict Litigation; otherwise, denied.

141.  Defendant states that Plaintiff's TCPA claims have been severed pursuant to a conditional transfer order to Multidistrict Litigation; otherwise, denied.

142.  Defendant states that Plaintiff's TCPA claims have been severed pursuant to a conditional transfer order to Multidistrict Litigation; otherwise, denied.

143.  Defendant states that Plaintiff's TCPA claims have been severed pursuant to a conditional transfer order to Multidistrict Litigation; otherwise, denied.

144. Defendant states that Plaintiff's TCPA claims have been severed pursuant to a conditional transfer order to Multidistrict Litigation; otherwise, denied.

145. Defendant states that Plaintiff's TCPA claims have been severed pursuant to a conditional transfer order to Multidistrict Litigation; otherwise, denied.

## Violations of GFBA

146. Defendants incorporate all of their prior responses as if set forth specifically herein.

147. Defendants deny the allegations of Paragraph 147 and demand strict proof thereof.

148. Defendants deny the allegations of Paragraph 148 and demand strict proof thereof.

149. Defendants deny the allegations of Paragraph 149 and demand strict proof thereof.

150. Defendants deny the allegations of Paragraph 150 and demand strict proof thereof.

151. Defendants deny the allegations of Paragraph 151 and demand strict proof thereof.

152.   Defendants deny the allegations of Paragraph 152 and demand strict proof thereof.

## TRIAL BY JURY

153.   Defendants admit that Plaintiff has requested a trial by jury, however, Defendants deny that Plaintiff should be entitled to a jury trial as Defendants have not committed any of the alleged violations of law contained in the Complaint.

## PRAYER FOR RELIEF

In response to the prayer for relief, Defendants deny that Plaintiff is entitled to a judgment, to an award of actual damages, statutory damages, exemplary or treble damages, costs, attorney's fees, or any other relief whatsoever, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering his claims against Defendants, Plaintiff's claims are barred by said agreement.

## SECOND DEFENSE

Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, they are time barred.

## FOURTH DEFENSE

To the extent that Plaintiff has filed for bankruptcy protection, the claims asserted by Plaintiff against Defendants are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendants.

## SEVENTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Defendants had no responsibility or control and for which Defendants may not be held liable.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## NINTH DEFENSE

Any violation of the law, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## TENTH DEFENSE

Plaintiff's claim under the FBPA is barred because the FBPA does not encompass cases based upon allegedly deceptive or unfair acts or practices which occur in a private transaction.

## ELEVENTH DEFENSE

Plaintiff's claim under the FBPA is barred because no act alleged in the Complaint harmed the public in general.

## TWELFTH DEFENSE

To the extent Defendants' actions have violated the FBPA (which they deny), Defendants deny that any of their actions were willful.

## THIRTEENTH DEFENSE

Plaintiff's claims arising out of the FBPA are barred because Plaintiff has failed to comply with statutory notice requirements.

## FOURTEENTH DEFENSE

Plaintiff's claims arising out of the FBPA are barred because Plaintiff failed to exercise due diligence in connection with the transaction at issue.

## FIFTEENTH DEFENSE

It would violate the Constitution of the United States, including the "dormant" Commerce Clause, to subject Defendants to liability under Georgia's FBPA statute.

## SIXTEENTH DEFENSE

An award to Plaintiff of treble damages would violate Defendants' rights under both the Georgia and United States Constitutions.

## **RESERVATION OF DEFENSES**

Defendants reserve the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 17th day of December, 2013.

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
Amanda E. Wilson
Georgia Bar No. 165135
awilson@burr.com
BURR & FORMAN, LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

Attorneys for Defendants
Midland Funding, LLC and Midland Credit
Management, Inc.

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2013, I presented the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Steven H. Koval
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA 30305
SHKoval@aol.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

*s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244