IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ASHLEY FORD,

              Plaintiff,

               v.

MIDLAND FUNDING, LLC, MIDLAND
CREDIT MANAGEMENT, INC., and
FREDERICK J. HANNA & ASSOCIATES,
P.C.,

              Defendants.

Civil Action File No.
1:13-cv-3062-CC-JFK

## ANSWER BY DEFENDANT FREDERICK J. HANNA & ASSOCIATES, P.C.

Defendant Frederick J. Hanna & Associates, P.C. ("FJH") hereby responds to Plaintiff's

Complaint, as follows:

### Affirmative Defenses

### First Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be

granted with respect to Defendant FJH.

### Second Defense

To the extent Plaintiff intends to assert a claim against Defendant FJH arising under the

Georgia Fair Business Practices Act, such claim must be dismissed because the GFBPA does not

apply to Defendant FJh or to any law firm engaging in a collections practice. *State ex rel. Doyle

v. Frederick J. Hanna & Assocs., P.C.*, 287 Ga. 289, 293 (2010).

**Third Defense**

Plaintiff's claims, in whole or in part, are barred by the statute of limitations and/or laches.

**Fourth Defense**

Plaintiff's claims should be dismissed because any alleged violations of the FDCPA were the result of a bona fide error, were unintentional, and occurred (if at all) notwithstanding Defendant FJH's maintenance of procedures reasonably adopted to avoid such errors.

**Fifth Defense**

Plaintiff has not alleged or suffered any damages or harm that was proximately or actually caused by the conduct of Defendant FJH.

**<u>Response to Numbered Paragraphs of Plaintiff's Complaint</u>**

**I. Introduction**

1.

Admitted. By way of further response, Defendant FJH denies that Plaintiff is entitled to recover on any of the asserted claims.

**II. Jurisdiction**

2.

Admitted.

3.

Admitted.

## III. Parties

### Plaintiff

### 4.

Admitted.

### 5.

Admitted.

### 6.

Admitted.

### Midland Funding

### 7.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 7.

### 8.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 8.

### 9.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 9.

### 10.

Admitted.

### 11.

Admitted.

12.

Admitted.

13.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 13.

14.

Defendant FJH admits that Defendant Midland Funding used the mails in connection with its attempts to collect Plaintiff's debt. Defendant FJH is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 14.

15.

Admitted.

16.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 16.

17.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 17.

**MCM**

18.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 18.

19.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 19.

20.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 20.

21.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 21.

22.

Admitted.

23.

Admitted.

24.

Admitted.

25.

Admitted.

26.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 26.

27.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 27.

**Hanna**

28.

Admitted.

29.

Admitted.

30.

Admitted.

31.

Admitted.

32.

Admitted.

33.

Admitted.

**IV. Relevant Federal and State Statutes**

**Fair Debt Collection Practices Act**

34.

Paragraph 34 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

35.

Paragraph 35 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

36.

Paragraph 36 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

37.

Paragraph 37 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

38.

Paragraph 38 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

**Telephone Consumer Protection Act**

39.

Paragraph 39 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

40.

Paragraph 40 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

41.

Paragraph 41 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

42.

Paragraph 42 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

**Georgia's Fair Business Practices Act**

43.

Paragraph 43 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

44.

Paragraph 44 asserts legal propositions to which no response is required. To the extent any factual allegations could be implied from Paragraph 34, those allegations are denied.

**V. Factual Allegations**

45.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 45. By way of further response, FJH admits that at least a portion of the debt at issue appears to be attributable to the purchase of a computer.

46.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 46.

47.

Admitted.

48.

Defendant FJH admits that Defendant Midland Funding acquired the debt but is without knowledge as to the specific method by which it did so.

49.

Defendant FJH admits that Defendants attempted to collect the debt from Plaintiff, but denies any implicit or explicit allegation that such efforts are continuing.

50.

Admitted.

51.

Admitted.

52.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 52.

53.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 53.

54.

Admitted.

55.

Admitted.

56.

Paragraph 56 contains assertions of law to which no response is required.  To the extent factual allegations could be implied in Paragraph 56, those allegations are denied.

57.

Denied.

58.

Denied.

59.

Denied.

60.

Admitted.

61.

Admitted.

62.

Admitted.

63.

Denied.

64.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 64.

65.

Denied.

66.

Denied.

67.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 67.

68.

Denied.

69.

Admitted.

70.

Admitted.

71.

Admitted.

72.

Admitted.

73.

Admitted.

74.

Admitted.

75.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 75.

76.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 76.

77.

Admitted.

78.

Admitted.

79.

Admitted.

80.

Admitted.

81.

Admitted.

82.

Denied.

83.

Defendant FJH admits that the collection lawsuit was not dismissed prior to February 11, 2013. All other remaining allegations in Paragraph 83 are denied.

84.

Denied.

85.

Defendant FJH admits that the collection lawsuit was dismissed but denies the causal relationship alleged in Paragraph 85 between that dismissal and Plaintiff's hiring of counsel.

86.

Admitted.

87.

Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 87.

88.

Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 88.

89.

Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 89.

90.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 90.

91.

Denied as stated. By way of further response, Defendant FJH states that Ms. Webb does not recall whether she made the alleged statement. If she did, any implication in Paragraph 91 that Ms. Webb made a knowing misrepresentation is denied.

92.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 92.

93.

Defendant FJH admits that Defendant MCM appears to have contacted Plaintiff after February 13, 2013, but does not recall whether the e-mail referenced in Paragraphs 92 and 93 was received.

94.

Admitted.

95.

Admitted.

96.

Admitted.

97.

Defendant FJH is without knowledge sufficient to admit or deny the allegations contained in Paragraph 97.

98.

Admitted.

99.

Admitted.

100.

Denied.

101.

Admitted.

102.

Admitted.

103.

Admitted.

104.

Defendant FJH is without knowledge sufficient to admit or deny the allegations contained in Paragraph 104.

105.

Admitted.

106.

Admitted.

107.

Admitted.

108.

Defendant FJH is without knowledge sufficient to admit or deny the allegations contained in Paragraph 108.

109.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 109.

110.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 110.

111.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 111.

112.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 112.

113.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 113.

114.

Admitted.

115.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 115.

**Respondeat Superior Liability**

116.

Admitted.

117.

Admitted.

118.

Admitted.

119.

Defendant FJH denies any and all liability to Plaintiff but admits that, should such liability be found to exist based on any alleged acts, errors, and/or omissions by its employee, Defendant FJH would be liable.

**VI. Causes of Action**

**Violations of FDCPA**

120.

Defendant FJH incorporates by reference the preceding paragraphs as if fully restated herein.

121.

Paragraph 121 asserts a legal conclusion to which no response is required. To the extent Paragraph 121 could be read to contain any factual allegations, those allegations are denied. By way of further response, Defendant FJH denies liability to Plaintiff.

122.

Paragraph 122 asserts a legal conclusion to which no response is required. To the extent Paragraph 122 could be read to contain any factual allegations, those allegations are denied.

123.

Admitted.

124.

Denied as stated.  By way of further response, Defendant FJH admits that Defendants Midland and MCM appear to have continued communicating directly with Plaintiff but is without knowledge sufficient to know whether the alleged conduct was an unintentional, bona fide error that resulted despite the maintenance of procedures reasonably adopted to avoid such errors.  As such, Defendant FJH is without knowledge sufficient to admit or deny the allegation that a violation actually occurred.

125.

Denied as stated.  By way of further response, Defendant FJH admits that Defendants Midland and MCM appear to have continued communicating directly with Plaintiff but is without knowledge sufficient to know whether the alleged conduct was an unintentional, bona fide error that resulted despite the maintenance of procedures reasonably adopted to avoid such errors.  As such, Defendant FJH is without knowledge sufficient to admit or deny the allegation that a violation actually occurred.

126.

Paragraph 126 asserts a legal conclusion to which no response is required.  To the extent Paragraph 126 could be read to contain any factual allegations, those allegations are denied.

127.

Paragraph 127 asserts a legal conclusion to which no response is required.  To the extent Paragraph 127 could be read to contain any factual allegations, those allegations are denied.

128.

Denied.

129.

Paragraph 129 asserts a legal conclusion to which no response is required. To the extent Paragraph 129 could be read to contain any factual allegations, those allegations are denied.

130.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 130.

131.

Paragraph 131 asserts a legal conclusion to which no response is required. To the extent Paragraph 131 could be read to contain any factual allegations, those allegations are denied.

132.

Paragraph 132 asserts a legal conclusion to which no response is required. To the extent Paragraph 132 could be read to contain any factual allegations, those allegations are denied.

133.

Denied.

134.

Paragraph 134 asserts a legal conclusion to which no response is required. To the extent Paragraph 134 could be read to contain any factual allegations, those allegations are denied.

135.

Defendant FJH is without knowledge sufficient to admit or deny the allegations contained in Paragraph 135.

136.

Defendant FJH denies liability to Plaintiff and is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 136.

137.

Denied.

**Violations of TCPA**

138.

Defendant FJH incorporates by reference the preceding paragraphs as if fully restated herein.

139.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 139.

140.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 140.

141.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 141.

142.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 142.

143.

Denied.  By way of further response, Defendant FJH states that at least some of the alleged violations may be excused or justified as unintentional, bona fide errors which occurred despite the maintenance of protocols designed to avoid such errors.  Defendant FJH is without knowledge sufficient to admit the implied allegation that no (other) exception or justification might be applicable.

144.

Defendant FJH is without knowledge sufficient to admit or deny the allegation that the alleged violations occurred at all or that they were made intentionally or recklessly.  The remainder of Paragraph 144 asserts legal conclusions to which no response is required.

145.

Defendant FJH is without knowledge sufficient to admit or deny the allegations in Paragraph 145.

**Violations of GFBPA**

146.

Defendant FJH incorporates by reference each of the preceding paragraphs as if fully restated herein.

147.

Paragraph 147 asserts legal conclusions to which no response is required.  Any factual allegations in Paragraph 147 are denied.

148.

Paragraph 148 asserts legal conclusions to which no response is required. Any factual allegations in Paragraph 148 are denied.

149.

Defendant FJH is without knowledge sufficient to admit or deny the allegations contained in Paragraph 149.

150.

Paragraph 150 asserts legal conclusions to which no response is required. Any factual allegations in Paragraph 150 are denied.

151.

Paragraph 151 asserts legal conclusions to which no response is required. Any factual allegations in Paragraph 151 are denied.

152.

Paragraph 152 asserts legal conclusions to which no response is required. Any factual allegations in Paragraph 152 are denied.

**VII. Trial By Jury**

153.

Paragraph 153 is a demand for jury trial which does not require a response.

**VIII. Prayer for Relief**

In response to the paragraph beginning "WHEREFORE" on page 20 of Plaintiff's Complaint, Defendant FJH denies that Plaintiff is entitled to any relief whatsoever and requests

that this Court dismiss Plaintiff's claims with prejudice and enter judgment in favor of Defendant

FJH.


Respectfully submitted February 4, 2014.

/s/ J. Matthew Maguire, Jr.
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
Jennifer K. Coalson
Georgia Bar No. 266989
PARKS CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
Phone: (404) 873-8000
mmaguire@pcwlawfirm.com
jcoalson@pcwlawfirm.com

*Attorneys for Defendant Frederick J. Hanna*
*& Associates, P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEISHA L. MAMON,

        Plaintiff,

        v.

MIDLAND FUNDING, LLC ASSIGNEE OF
CITIFINANCIAL, INC., and FREDERICK J.
HANNA & ASSOCIATES, P.C.,

        Defendants.

Civil Action File No.
1:13-cv-2301-AT

## CERTIFICATE OF SERVICE

        I hereby certify that I have this date served a copy of the within and foregoing **ANSWER BY DEFENDANT FREDERICK J. HANNA & ASSOCIATES, P.C.** upon counsel for all parties by filing this document with the Court's CM/ECF system, which will e-mail a copy of the same to all counsel of record as follows:

Steven H. Koval
The Koval Firm, LLC
3575 Piedmont Rd.
15 Piedmont Center, Suite 120
Atlanta, GA 30305
SHKoval@aol.com

This 4th day of February, 2014.

/s/ J. Matthew Maguire, Jr.
J. Matthew Maguire, Jr.
Georgia Bar No. 372670